IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JEVELL WILLIAMS,

                              Plaintiff,                              ORDER

          v.
                                                              17-cv-794-wmc

GARY BOUGHTON and DAVID EWING,

                              Defendants.

---

*Pro se* plaintiff Jevell Williams, an inmate at the Wisconsin Secure Program Facility ("WSPF"), is proceeding on a Fourteenth Amendment claim against defendants Gary Boughton and David Ewing based on his right to marry. On January 31, 2020, defendants filed a motion for summary judgment. (Dkt. #18.) Plaintiff's response to that motion was due March 2, 2020, but Williams did not respond to that motion. Prior to defendants' filing of their motion for summary judgment, plaintiff had filed a motion for assistance in recruiting counsel. (Dkt. #12.) Perhaps plaintiff believed that he need not respond to defendants' motion for summary judgment because of his pending motion for assistance in recruiting counsel. Regardless, in this order, the court will address plaintiff's motion for assistance in recruiting counsel, denying it without prejudice. The court will also reset plaintiff's deadline for filing a response to defendants' motion for summary judgment as described at the end of this order.

Before this court considers recruiting counsel for a *pro se* litigant, the court must find that the plaintiff is indigent, he has made reasonable efforts to recruit an attorney on his own, and that those efforts have failed. *Jackson v. Cty. of McLean*, 599 F.3d 749, 760-61 (7th Cir. 2010). Williams satisfied this initial hurdle by attaching communications from

three attorneys who have refused his request to represent him.  (Pl.'s Mot., Exs. 1-3 (dkt. ##12-1 to 12-3.)  Still, it is not apparent from the record of this lawsuit that the legal and factual complexity of this lawsuit exceeds his abilities.  *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).  In his motion, plaintiff simply states that his lack of legal experience makes it difficult for him to conduct discovery and understand complex legal issues.  But, "[t]he question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff" but instead whether the *pro se* litigant can "coherently present [his case] to the judge or jury himself."  *Pruitt*, 503 F.3d at 655.  Almost all of this court's *pro se* litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one.  Accordingly, the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests."  *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

The court's review of Williams' filings in this case suggest that he can write clearly, remembers the events related to his claims and can respond to defendants' arguments presented in their motion for summary judgment.  Therefore, to avoid dismissal of this lawsuit, Williams should do his best to respond to defendants' motion for summary judgment, using the materials provided to him along with the Preliminary Pretrial Conference Order.  (*See* 6/25/19 Order (dkt. #14).)  At minimum, plaintiff should respond to defendants' proposed findings of facts submitted in support of their motion for summary judgment.  While the court is denying his request for recruitment of counsel at this time,

if the court reviews Williams' response to defendants' motion and it becomes clear that he lacks the ability to complete these tasks, the court may decide *sua sponte* to recruit counsel for him.

Returning to the pending motion for summary judgment, the court will give Williams *one* more opportunity to submit a substantive response to defendants' motion. The court will give Williams until **March 27, 2020,** to respond, with defendants' reply, if any, due **April 6, 2020.** If Williams fails to respond by the new deadline, the court will dismiss this lawsuit with prejudice for failure to prosecute.

## ORDER

IT IS ORDERED that:

1) Plaintiff Jevell Williams's motion for assistance in recruiting counsel (dkt. #12) is DENIED.

2) Plaintiff's opposition to defendants' motion for summary judgment is now due March 27, 2020; defendants' reply, if any, is due April 6, 2020.

Entered this 6th day of March, 2020.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge